JOHNSON, Judge.
This is an appeal from a decree of the Circuit Court, Leon County, Florida, dismissing a complaint filed by the appellants here seeking a declaratory decree construing provisions of Chapter 65-359, Laws of Florida.
The State Treasurer, Broward Williams, ex officio Insurance Commissioner of Florida, promulgated minimum risk rate premiums for title insurers. When the rates were first promulgated, pursuant to Section 627.0956(1), Florida Statutes, F.S. A., the pertinent language used was “minimum risk rate premium” and the various rates fixed. It appears that this rule as promulgated clearly fixed the rate only for the “risk premium,” as defined in Section 627.0955, Florida Statutes, F.S.A. However, the appellants asked the Insurance Commissioner for clarification of this order fixing the title insurance rates, alleging that appellants were not sure whether or not any amounts included therein could be allocated, used for or paid out as a commission to an agent of a stock insurer or to a member of a business trust insurer, and further alleging that it was appellants’ understanding under the above cited statutes that the minimum risk rate premium was for assumption of risk only and that no part thereof could be used to pay commissions, etc. The Insurance Commissioner then issued his order clarifying his pre *278 vious order promulgating the rates by-holding that the minimum risk rate premiums set forth in the previous order did include amounts that may be allocated, used for and paid out as commissions, and further finding that the commissions constitute an integral increment of the concept of minimum risk rate premiums as developed through the commercial custom and usage of title insurance industry over a period of years.
It was after the above action and orders of the Insurance Commissioner that the case sub judice was instituted.
We must agree with the trial court that probably the real purpose of this action was to have the order of the Commissioner declared to be in error in considering the cost of obtaining business (fees and commission to agents) in promulgating minimum risk rate premiums, but the complaint and prayer of the petition limits the petitioners’ request for an answer to the one question, which probably can best be put in this language: May the Insurance Commissioner take into consideration, and make as an integral part of the “risk” premiums, the agents commissions for selling the title insurance?
This question could not have been answered by further administrative action, because the Commissioner in his clarifying order expressly admits that such commissions were taken into consideration and made a part of such rates, with the express understanding and authority for the stock companies to pay agents’ commission therefrom.
The trial court was confronted with a complaint which alleged a controversy existed between the plaintiffs and the defendant (Insurance Commissioner) as to the true intent, meaning and purpose of Chapter 65-359, Florida Statutes, particularly Sections 7 and 8, dealing with “risk premiums,” but which complaint prayed that the court declare the title insurance rate promulgation order of the Commissioner be wrong. The prayer did not ask the court to merely make a declaration as to the correct interpretation of the law for the benefit of all concerned, but asked for specific relief.
We feel that the trial court anticipated, that as a practical matter, the ultimate relief the plaintiffs sought would necessarily be via of a petition for a deviation from the rate promulgated, as provided by statute, which would be an administrative remedy to be followed and, having so determined what it thought to be the real question of the suit, dismissed the complaint on the ground that the plaintiffs had not exhausted their administrative remedies. While we are inclined to agree with the trial court that his approach might be the simpliest and most practical, but inasmuch as the plaintiffs are unwilling to concede that the trial court did conclude correctly that the main purpose of their suit was to have the Commissioner’s Rate Rule declared invalid, we feel that we are so bound by the Rules of procedure that we must therefore reverse the Order dismissing the complaint and remand the same to the lower court for the purpose of answering the question of whether agents’ commissions and other acquisition costs may be included in and paid out from “risk premiums” as the term “risk premium” is used and defined in Section 627.0955(1), Florida Statutes, F.S.A., and especially in view of the provisions of Section 627.0955(2) providing expressly for additional charges.
In view of the foregoing, and our decision to reverse we remand said cause to the lower court for further action consistent with the pertinent points to which this opinion is directed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.